**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ALAN PULSIPHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cv-01374-RCJ-LRL |
| vs. | ) | |
| | ) | |
| CLARK COUNTY et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of alleged race-, religion-, and gender-based employment discrimination. A jury returned a verdict for Defendants. Plaintiff has moved for a new trial, and Defendants have moved to amend the judgment to remove language denying either side attorney's fees or costs and have moved directly for attorney's fees and costs. For the reasons given herein, the Court denies the motions, except that it will amend the judgment to permit costs to Defendants.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Alan Pulsipher sued Clark County, the Division of Juvenile Justice Services ("DJJS"), Cherie Townsend, Larry Carter, and Sheron Hayes in this Court for violations of federal and state anti-discrimination laws, invoking the Court's jurisdiction under 42 U.S.C. § 1983. (*See* Compl. ¶ 2, Oct. 10, 2008, ECF No. 1). The Amended Complaint ("AC") omitted DJJS as a defendant and identified the jurisdictional basis of the complaint as Title VII, 42

U.S.C. § 2000e-2. (*See* Am. Compl. ¶ 2, Mar. 24, 2009, ECF No. 30). The AC listed four causes of action: (1) Violation of 42 U.S.C. § 2000e-2 (Clark County); (2) Hostile Workplace Environment (Clark County); (3) Violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Hayes, Carter, and Townsend); and (4) Violation of Nevada Revised Statutes ("NRS") section 613.330 (all Defendants). The Court denied all dispositive motions, and the jury returned a verdict for the defense. Plaintiff has moved for a new trial, and Defendants have moved for relief from judgment and for an award of attorney's fees and costs.

## II.  LEGAL STANDARDS

### A.  New Trial

"The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1), (a)(1)(A).

### B.  Attorney's Fees and Costs

Any "prevailing party" in a § 1983 or Title VII case may move for reasonable attorney's fees as part of its costs. 42 U.S.C. §§ 1988(b), 2000e-5(k). A § 1983 or Title VII defendant, however, may only recover fees directly traceable to the defense of claims that are "frivolous." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (citation omitted)) (alteration in original). Costs other than attorney's fees should be awarded to a prevailing party upon motion. Fed. R. Civ. P. 54(d)(1).

## III.  ANALYSIS

Discriminatory attitudes are often difficult to detect. When those attitudes, whether open

or hidden, result in differential treatment of an employee, the employee is entitled to redress. The present case is an excellent example of why Title VII cases are often unsuitable for summary judgment and should be resolved at trial if the evidence adduced at the summary judgment phase can lead to any reasonable inference of unlawful discrimination. True controversies of fact under our system must be submitted to the conscience of the community—a jury—for determination. The evidence in this case could have led a reasonable jury to a broad range of conclusions. It is for this reason that the Court will neither upset the jury's verdict for the defense nor award attorney's fees to Defendants. Defendants are entitled to costs, however.

### A.    Plaintiff's Motion for a New Trial

Plaintiff argues five grounds for a new trial. First, Plaintiff argues that the Court should have admitted evidence of Sharon Hayes's prior history of hostility at other workplaces before she arrived at DJJS. The Court believes it properly excluded this garden-variety character evidence, and it in fact would have been error to admit it. *See* Fed. R. Evid. 404(a). There was no negligent hiring or negligent retention claim to which such evidence might have been relevant.

Second, Plaintiff argues that the court allocated too little time for closing and rebuttal arguments. Plaintiff's closing argument lasted approximately two hours. Defendant's closing argument lasted approximately one-and-a-quarter hours. Plaintiff's rebuttal argument lasted thirteen minutes. The Court did not cut Plaintiff's counsel off at the end of his closing argument or his rebuttal argument, and the time granted was sufficient in any case.

Third, Plaintiff argues that the Court incorrectly prevented counsel from referring to Sharon Hayes's testimony as "perjury" and incorrectly admonished counsel for having done so. The Court perceives no error here. Counsel was permitted to impeach Hayes and shed doubts on her credibility based on evidence in the record that contradicted her testimony and was permitted to indicate that she had been untruthful, but the Court stopped counsel from making repeated,

inflammatory references to the crime of perjury, of which Hayes has not been convicted.

Fourth, Plaintiff objects to the Court's answer to Jury Question 1. The jury asked two questions in the single note it passed to the Court:

> Page 15 Line 11: Please clarify. "A more severe effect on the Plaintiff than than [sic] it had on others."
>
> Page 15 Line 15: Is "Hostile Work Environment" an independent condition separate from Racial, Sexual, or Religious Abuse, or must all conditions exist?

(Jury Notes 3, Feb. 24, 2011, ECF No. 124). With respect to the second question, Plaintiff's counsel asked the Court to respond that a hostile work environment need not be overtly racially, sexually, or religiously hostile. The Court answered: "The Court cannot further clarify page 15 line 11. With respect to page 15 line 15 the terms 'racially, sexually, or religiously' modify both abusive or hostile work environment. 'Hostile work environment' is not an independent condition." (*Id.* 4). The jury instructions on page 15 came directly from the Ninth Circuit's pattern instructions. *See* Ninth Cir. Model Civ. J.I. 10.2A. Plaintiff argues that the Court should have modified the instruction in light of *EEOC v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840 (2005). The Court had already closely examined that case in drafting the instructions. That case is in fact the reason the Court had with some trepidation already modified the first element of the Ninth Circuit's instruction to Plaintiff's benefit, changing element 1 to element 1.a. and adding element 1.b. in disjunction with the renumbered element 1.a. *Compare* Jury Instructions 15, Feb. 23, 2011, ECF No. 121, *with* Ninth Cir. Model Civ. J.I. 10.2A. Element 1.b. already provided for the broadened theory of liability identified in *EEOC*.

Plaintiff also alleges that some jurors told his counsel they felt their hands were tied by the jury instructions. But this only confirms that the jury was true to its oath to decide the case on the law as instructed by the Court. It is no evidence that the Court's instruction was in fact error. Element 1.b. sufficiently conveyed to the jury that harassment need not be overtly racial, sexual, or religious. Unlike Plaintiff's incomplete proffered answer to the jury's question,

1  however, element 1.b. maintained *EEOC*'s requirement that the harassment must at least have
2  had a more severe effect on a plaintiff because of his membership in a protected class. *See* 422
3  F.3d at 845.  The *EEOC* opinion unfortunately contains no concise statement of its holding
4  readily available for quotation, and the Court therefore crafted a modification to the Ninth
5  Circuit's model instruction to encapsulate *EEOC*'s holding (to Plaintiff's benefit) without
6  confusing the jury.  The instruction Plaintiff desired would have invited a verdict based on
7  hostility totally divorced not only from the nature of the harassment, but also from Plaintiff's
8  membership in protected classes.  *EEOC* is clear enough for the Court to recognize that such an
9  instruction would have gone too far and constituted error.  Ultimately, Plaintiff's argument is
10 with the Ninth Circuit's continued use of its model instruction after *EEOC*.  Perhaps he can
11 convince the Circuit to amend the model instruction on appeal,[1] which may aid the district courts
12 in future similar cases, but the Court modified the instruction in Plaintiff's favor as far as the
13 case law allowed.
14     Fifth, Plaintiff argues that the verdict was so far against the weight of the evidence as to
15 represent a miscarriage of justice.  The Court rejects this contention.
16     **B.     Defendants' Motion for Relief From Judgment and Attorney's Fees**
17     The Complaint listed two causes of action: (1) Violation of 42 U.S.C. § 2000e-2; and (2)
18 Violation of NRS section 613.330.  The Court dismissed, with leave to amend.  The AC listed
19 four causes of action: (1) Violation of 42 U.S.C. § 2000e-2 (Clark County); (2) Hostile
20 Workplace Environment (Clark County); (3) Violation of the Equal Protection Clause of the
21 Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Hayes, Carter, and Townsend); and (4)
22 Violation of NRS section 613.330 (all Defendants).  The Court denied Defendants' motions for
23 summary judgment and for reconsideration.  After the defense rested its case at trial, the Court

---

[1] Incidentally, the model instruction published by the Ninth Circuit and posted on its website postdates *EEOC* by two years.

1  denied an oral motion for judgment as a matter of law.  The jury returned a verdict for the
2  defense.
3     The Court did not dismiss or summarily adjudicate any claims in this case as frivolous
4  but found that all claims required a trial.  The result of none of the claims, as amended, was so
5  obvious as to be frivolous.  Any claims that had met the standard of frivolity under § 1988 would
6  have been dismissed or summarily adjudicated. *See Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228,
7  242 (1st Cir. 2010).  And even a claim that should be dismissed for failure to state a claim is not
8  necessarily frivolous. *See Karam*, 352 F.3d at 1191 (reversing a district court's grant of
9  attorney's fees where the plaintiff's § 1983 claims, although properly disposed of under Rules
10 12(b)(6) and 56, were not frivolous under § 1988).  The Court will not grant attorney's fees.
11 Defendants are entitled to costs, however.  They claim costs of $6950.75 for service of process,
12 deposition transcription fees, witness fees, and copies. (*See* Am. Bill of Costs, Apr. 1, 2011, ECF
13 No. 136).

**CONCLUSION**

15  IT IS HEREBY ORDERED that the Motion for New Trial (ECF No. 134) is DENIED.
16  IT IS FURTHER ORDERED that the Motion to Amend Judgment and for Attorney's
17 Fees and Costs (ECF Nos. 130, 131) is DENIED in part and GRANTED in part.  The judgment
18 is AMENDED to permit taxation of Defendants' costs by the Clerk, subject to objection and
19 review, but attorney's fees are denied.
20  IT IS SO ORDERED.
21 Dated this 9th day of May, 2011.

_____
ROBERT C. JONES
United States District Judge